UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KIMBERLY MAE STOTLER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>Defendant. | Case No.  15-cv-01214-NJV<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 20, 23 |

Plaintiff Kimberly Mae Stotler seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals Council.  The ALJ's decision is the "final decision" of the Commissioner of Social Security, which this court may review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Both parties have consented to the jurisdiction of a magistrate judge.  (Docs. 6 & 9.)  The court therefore may decide the parties' cross-motions for summary judgment.  For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

**T**he Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error.  *Flaten v. Sec'y of Health & Human Servs*., 44 F.3d 1453, 1457 (9th Cir. 1995).  Substantial

evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), on July 13, 2011, alleging an onset date of disability of January 1, 2011. (AR 195-214.) The alleged onset date was amended to July 13, 2010, at the ALJ hearing. The agency denied Plaintiff's application initially on October 14, 2011. (AR 129-133.) Plaintiff filed a request for hearing on September 9, 2012 (AR 144-45), and a hearing was held before an Administrative Law Judge ("ALJ") on May 22, 2013. On June 28, 2013, the ALJ issued a hearing decision denying Plaintiff's claims. (AR 16-33.) The Appeals Council denied review on January 14, 2015. (AR 1-6.)

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. (AR 16-33.)

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (AR 21.)

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: bipolar disorder, post-traumatic stress disorder ("PTSD"), anxiety disorder, and substance abuse disorder. (AR 21.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. § 416.920(a)(4)(iv),(e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 21-23.) Next, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with a limitation to simple repetitive unskilled tasks (no more than SVP 2), no interaction with the general public, no tandem work as part of primary duties of a job, and primary tasks that focus on things rather than with people. (AR 23.) After reviewing the medical and testimonial evidence, the ALJ found that Plaintiff's statements, and those of her husband, concerning the intensity, persistence and limiting effects of these symptoms were not fully credible based on her daily activities, her work history, her continued job search, and the medical findings that do not support Plaintiff's allegations of disabling symptoms. (AR 23-26.)

1   At Step Four, the ALJ found that Plaintiff had no past relevant work.  (AR 26.)

2   At Step Five, the ALJ found that Plaintiff was a younger individual, she had a limited education, and was able to communicate in English, therefore, transferability of skills was not at issue. (AR. 26-27).  Using the Medical-Vocational Guidelines as a framework, the ALJ found that there was a significant number of jobs that Plaintiff could perform, namely: hand packager, DOT #920.587-018, SVP 2, medium, 500,000 jobs nationally and 1,000 positions statewide; and cleaner, DOT #381.687-018, medium, SVP 2, over 1 million jobs nationally, and 1,000 jobs statewide; therefore, she was not disabled.  (AR. 27).  Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the Social Security Act," through the relevant time period.  (AR 27.)

**DISCUSSION**

Plaintiff raises two challenges to the ALJ's decision, arguing that: (1) "[t]he ALJ committed harmful legal error by failing to appropriately evaluate the claimant's limitations in activities of daily living, social functioning and concentration, persistence and pace;" and (2) "[t]he ALJ committed harmful legal error by not including the vocational expert's full restrictions or explaining why there were not included." (Doc. 20, 2:7-14.)

**Step Three Analysis**

Plaintiff contends that the ALJ committed harmful legal error by failing to appropriately evaluate her limitations in activities of daily living, social functioning and concentration, persistence and pace.  Plaintiff discusses the evaluations of those limitations in regard to both the issue of whether she met a listing and the determination of her residual functional capacity.

The ALJ found mild restrictions in activities of daily living, moderate to marked restrictions in social functioning and moderate restrictions in concentration persistence and pace. Plaintiff contends that these findings are not supported by substantial evidence.  She claims that the reasons given in the decision are brief, superficial and either ignore or are contrary to the evidence of record.

In her cross motion for summary judgment, Defendant argues that the ALJ properly evaluated Plaintiff's residual functional capacity.  Defendant, however, does not address Plaintiff's

4

contention that the ALJ erred in evaluating whether Plaintiff met a listing under Step Three. As Plaintiff argues, the court must conclude that Defendant has conceded that issue.

The ALJ's listing determination under Step Three controls whether the ALJ reaches the issue of residual functional capacity. The residual functional capacity determination in turn directly impacts the analysis under Step Five of whether jobs that Plaintiff can perform exist in significant numbers in the national economy. The court finds, therefore, that it cannot resolve the additional issues raised by Plaintiff until the conceded error in the listing analysis is corrected. *See Haverlock v. Colvin*, No. 2:12-CV-2393 DAD, 2014 WL 670202, at *5 (E.D. Cal. Feb. 20, 2014) ("In light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claims.").

The court further finds that Plaintiff is correct that Defendant has misrepresented the record in arguing that the ALJ made a correct credibility determination regarding Plaintiff. As Plaintiff points out, Defendant incorrectly describes the portion of the record cited as "medical records." (Doc. 23, 15:8.)

### Need for Further Proceedings

Plaintiff seeks a reversal with an award of benefits, or in the alternative, a remand for further proceedings. A reversal with award is appropriate where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). It is not clear in this case what the outcome would be if the ALJ reevaluated the listing determination without the errors, now conceded, described in Plaintiff's motion. The court will therefore remand this case to the ALJ for a reevaluation based on a proper analysis of the record within the sequential framework.

Based on the above, the court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's motion for summary judgment. The court HEREBY REMANDS this

1   matter for further proceedings in accordance with this order.

2   A separate judgment will issue.

3   **IT IS SO ORDERED**.

4   Dated:  August 18, 2016



NANDOR J. VADAS
United States Magistrate Judge